ANYWHERE, INC. d/b/a The Cruise Brothers, Plaintiff,

v.

Manuel ROMERO Defendant.

No. CIV.03–2395 HL.

United States District Court, D. Puerto Rico.

Nov. 5, 2004.

Edilberto Berrios–Perez, Hato Rey, PR, Angel Caban–Bermudez, Berrios & Longo, PSC, San Juan, PR, James S. Lawrence, Warwick, RI, for Plaintiff.

## ORDER

LAFFITTE, District Judge.

Before the Court is plaintiff's counsel James S. Lawrence and Angel F. Cabán–Bermúdez's memorandum on attorneys' fees and expenses (Docket No. 36, pt. 4; Docket No. 37 (amending Docket No. 36, pt. 6)) requested under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) (2002). No opposition was filed to said memorandum.

Section 35 of the Lanham Act provides, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (2002). Exceptional cases are cases in which the acts of trademark infringement were malicious, fraudulent, deliberate, or willful.

*Tamko Roofing Products v. Ideal Roofing*, 282 F.3d 23, 31 (1st Cir.2002). Bad faith or fraud is not a necessary condition to an award of attorneys' fees under section 35 of the Lanham Act. *Id.* at 27. "[W]illful conduct may be sufficient when the trial court takes into account all the facts and equities of the case." *Id.*

■ In the present case, there is no question that plaintiff is a prevailing party. The Court entered the defendant in default on July 15, 2004. (Docket No. 26.) A damages hearing was held on September 29, 2004, in which the Court found that the defendant willfully and fraudulently reproduced and utilized the plaintiff's service mark, "The Cruise Brothers," without authorization. (Docket No. 34.) The Court found that plaintiff suffered: actual damages of $24,014.31, lost profits in the sum of $13,856.95, and damage to the mark in the amount of $50,000.00, for a total judgment of $87,871.26. (Docket No. 34.) The Court also entered an order permanently enjoining the defendant from using the mark or variation thereof. (Docket No. 38.) The Court finds that the present case qualifies as an "exceptional case" under section 35 of the Lanham Act, as the acts of trademark infringement perpetrated by the defendant were clearly willful, deliberate, fraudulent, and malicious.

■ In their memorandum for attorneys' fees and expenses, Attorney Lawrence claims to have spent one hundred and nine (109) hours and forty-two (42) minutes, which at a rate of $250 an hour

totals $27,425.00. (*See* Docket No. 36, pt. 5.) Attorney Cabán–Bermúdez claims to have spent one hundred six (106) hours and six (6) minutes, which at a rate of primarily $150 an hour (with some hours billed at a rate varying from $75 to $225 an hour),[1] totals $15,697.50. (*See* Docket No. 37, pt. 1)

■ "In fashioning fee awards, the attorneys contemporaneous billing records constitute the usual starting point, but the court's discretion is by no means shackled by those records .... [I]t is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295–96 (1st Cir.2001)(citing *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 337 (1st Cir.1997)); *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir.1984) (discussing the issue of excessive and repetitive hours in attorneys' fees submissions). In other words, the district court may in its discretion exclude those hours which were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983).

The Court has reviewed the itemization of time-sheets submitted by Attorney Lawrence and Attorney Cabán–Bermúdez, and finds that a number of items appear to be duplicative and unnecessary. Accordingly, the Court reduces the amount of time claimed by Attorney Lawrence by 33.5 hours, for a total of **76.2 hours.**[2] The

---

1. *See* Docket No. 37, pt. 1. The following entries were billed at a rate of $225 an hour: Dec. 23, 2003; July 15, 2004; July 19, 2004; July 23, 2004; Sept. 20, 2004. The following entries were billed at a rate of $75 an hour: Feb. 23, 2003; Apr. 23, 2004; June 28, 2004; July 22, 2004. *Id.*

2. The Court reduces the following entries in the itemized invoice submitted by Attorney

Lawrence (*See* Docket No. 36, pt. 5): the work done on Dec. 24, 2003 is reduced by 0.25 hours; the work done on Dec. 28, 2003 is stricken in its entirety of 0.5 hours; the work done on Dec. 30, 2003 is stricken in its entirety by 0.6 hours; the work done on Jan. 19, 2004 is reduced by 6.3 hours; the work done on Jan. 20, 2004 is reduced by 3.4 hours; the work done on Jun. 30, 2004 is

Court reduces the amount of time claimed by Attorney Cabán–Bermúdez by 24.5 hours, for a total of **81.6 hours.**[3]

█ Attorney Lawrence seeks an hourly rate of $250. Attorney Cabán–Bermúdez seeks an hourly rate of primarily $150, but bills some hours at a rate of $75 and other hours at a rate of $225.[4] Once again, as with the amount of time spent working on a case, the "court may take guidance from, but is not bound by, an attorneys' standard billing rate." *Gay Officers Action League v. Puerto Rico,* 247 F.3d at 296 (citing *Brewster v. Dukakis,* 3 F.3d 488, 492–93 (1st Cir.1993)). The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Andrade v. Jamestown Housing Auth.,* 82 F.3d 1179, 1190 (1st Cir.1996). In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989).

█ In the present case, based on the counsels' level of experience and the issues in this case, the Court finds the rate of $250 to be appropriate for Attorney Lawrence and the rate of $150 per hour, with some hours billed at $75, to be appropriate rates for the hours submitted by Attorney Cabán–Bermúdez. Thus, Attorney Lawrence is entitled an award of attorneys fees for 76.2 hours at an hourly rate of $250, for a total of **$19,050.00.** Attorney Cabán–Bermúdez is entitled to 77.85 hours at an hourly rate of $150 and 3.75 hours at an hourly rate of $75, for a total of **$11,958.75.** Therefore, a grand total of **$31,008.75** of attorneys fees are awarded in this case.

█ Plaintiff's counsel also seek payments of the expenses incurred in this litigation, which according to the present motion total $2,745.88. An award of costs and expenses is available to a prevailing plaintiff under the Lanham Act. *See Tamko Roofing Products v. Ideal Roofing,* 282

---

reduced by 5.5 hours; the work done on July 1, 2004 is reduced by 5.5 hours; the work done on Sept. 27, 2004 is reduced by 1.2 hours; the work done on Sept. 28, 2004 is reduced by 5.25 hours; the work done on Sept 29, 2004 is reduced by 5 hours.

**3.** The Court reduces the following entries in the itemized invoice submitted by Attorney Cabán–Bermúdez (*See* Docket No. 37, pt. 1): the work done on Dec. 23, 2003 is reduced by 1 hour; the work done on Dec. 24, 2003 is reduced by .25 hours; the work done on Dec. 28, 2003 is reduced by .25 hours; the work done on Dec. 30, 2003 is reduced by 1 hour; the work done on Dec. 31, 2003 is reduced by 1.25 hours; the work done on Jan. 16, 2004 is reduced by .75 hours; the work done on Jan. 22, 2004 is reduced by 1.75 hours; the work done on Jan. 26, 2004 is reduced by 2.25 hours; the work done on Jan. 28, 2004 is reduced by .25 hours; the work done on Jan. 30, 2004 is reduced by .5 hours; the work done on Feb. 2, 2004 is reduced by .25 hours; the work done on Feb. 13, 2004 is reduced by .5 hours; the work done on Feb. 23, 2004 is reduced by 1 hour; the work done on Feb. 27, 2004 is reduced by 1.5 hours; the work done on March 1, 2004 is stricken in it's entirety of .25 hours; the work done on May 10, 2004 is reduced by .25 hours; the work done on May 27, 2004 is reduced by 1 hour; the work done on June 22, 2004 is reduced by .5 hours; the work done on June 28, 2004 is reduced by 1.5 hours; the work done on June 29, 2004 is reduced by .5 hours; the work done on June 30, 2004 is reduced by .5 hours; the work done on July 15, 2004 is reduced by .5 hours; the work done on Aug. 2, 2004 is reduced by .25 hours; the work done on Aug. 3, 2004 is reduced by .5 hours; the work done on Aug. 4, 2004 is reduced by 2 hours; the work done on Aug. 5, 2004 is reduced by 2.25 hours; the work done on Aug. 11, 2004 is reduced by .25 hours; and the work done on Sept. 28, 2004 is reduced by 1.75 hours.

**4.** *See supra,* note 1.

F.3d 23 (1st Cir.2002).The Court has reviewed the itemized expenses report provided by Attorney Cabán–Bermúdez and finds that some items appear to be excessive. Therefore, the Court will reduce counsel's expenses by $868.56,[5] for a total of $1,877.32.

## CONCLUSION

In conclusion, the Court finds that Attorney Lawrence is entitled to an award of attorneys' fees totaling $19,050.00, and Attorney Cabán–Bermúdez is entitled to an award of attorneys' fees totaling $11,958.75 and expenses totaling $1,877.32. Thus, the grand total of attorneys fees and expenses awarded in this case is **$32,886.07.** WHEREFORE, the Court **GRANTS in part** plaintiff's counsel's motion for attorneys' fees (Docket No. 36, pt. 4; Docket No. 37).

**IT IS SO ORDERED.**

---

**5.** The Court reduces the following entries from the expense report submitted by Attorney Cabán–Bermúdez (Docket No. 36, pt. 6): the expenses incurred on Dec. 31, 2003 are reduced by $16; the expenses incurred on March 1, 2004 are reduced by $51.25; the expenses incurred on June 30, 2004 are reduced by $27.21; the expenses incurred on July 2, 2004 are stricken in their entirety of $427.75; the expenses incurred on Aug. 31, 2004 are reduced by $325.60; the expenses incurred on September 29, 2004 are reduced by $1.75; the expenses incurred after the hearing on damages held September 29, 2004 are stricken in their entirety of $19.