William Ceinos **RODRÍGUEZ**,
Plaintiff,

v.

**INTERNATIONAL COLLEGE OF BUSINESS AND TECHNOLOGY, INC. d/b/a International Junior College, Defendant.**

No. CIV. 03–2231(HL).

United States District Court,
D. Puerto Rico.

Feb. 17, 2005.

Anthony J. Murray–Steffens, Davila, Pesquera & Murray Law Office, San Juan, PR, for William Ceinos–Rodriguez, Carmen T. Rodriguez–Capblanc, Plaintiffs.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, San Juan, PR, for International College of Business and Technology, Inc. doing business as Int'l Junior College, Defendant.

## ORDER

LAFFITTE, District Judge.

Before the Court is plaintiff William Ceinos Rodríguez's ("Ceinos") motion for attorneys' fees (Docket No. 18) and defendant International College of Business and Technology, Inc.'s ("International College") motion to amend judgment (Docket No. 19) pursuant to Rule 59 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 59. In support of their motion to amend judgment, International College argues that (1) the statutory penalty period should terminate on the date that the complaint was filed or alternatively, on the date the complaint was answered, (2) the $80 penalty should be reduced, and (3) plaintiff should not be granted attorneys' fees because he is not a prevailing party. Plaintiff has not objected to defendant's motion to amend judgment.

For the reasons set forth below, defendant International College's motion to amend judgment is granted in part and denied in part, and plaintiff Ceinos' motion for attorneys' fees is granted in part.

## BACKGROUND

This case was tried before the Court on January ·4, 2005. On January 12, 2005, after considering the evidence and the parties' briefs, the Court entered an opinion and order (Docket No. 16) finding International College liable to plaintiff William Ceinos Rodríguez for violations of the Consolidated Omnibus Budget Reconciliation Act's (COBRA) notice provisions. *See* 29 U.S.C. § 1166(a). The Court awarded plaintiff Ceinos $80 per day in statutory damages for the five hundred and five (505) days that International College was in violation of COBRA, for a total of $40,400.00 in statutory penalties. (*See* Docket No. 16.) The Court also awarded plaintiff Ceinos reasonable attorneys' fees and costs. The Court dismissed plaintiff Carmen Rodríguez Capblanc's claims in their entirety.

## DISCUSSION

### I. Defendant's Motion to Amend Judgment

First, defendant International College contends that the penalty period should end on the date of filing the complaint, or in the alternative, on the date defendant answered the complaint. The Court rejects these arguments. Statutory penalties for violations of COBRA notice requirements are calculated from the last date on which the plan administrator could have sent notice until the end of the continuation coverage period. *See e.g., Lloynd v. Hanover Foods Corp.,* 72

F.Supp.2d 469 (D.De.1999). The qualifying event, which triggers the notice obligation, should be calculated from the date of the occurrence of a status change which makes inevitable the loss of such coverage. *Gaskell v. Harvard Coop. Soc'y,* 3 F.3d 495, 499 (1st Cir.1993).

In the present case, the qualifying event (plaintiff's termination of employment) occurred on June 18, 2003. From this date, International College had forty-four (44) days to notify Ceinos of his right to continue coverage under the group health plan. *See Gonzalez Villanueva v. Lambert,* 339 F.Supp.2d 351, 358–59 (D.P.R.2004) (holding that when the employer and the plan administrator are the same entity, the employer has forty-four (44) days from the date of the qualifying event to notify qualified beneficiaries of their rights under CO-BRA). Defendant International College never complied with its obligation to provide proper notification of plaintiff's rights under COBRA, as set forth in 29 U.S.C. § 1166(a). Therefore, the statutory penalty period began on August 2, 2003, (the forty-fifth day after the qualifying event) and ended on December 18, 2004, (eighteen months after the qualifying event, which constitutes the maximum period of the continuation coverage allowed under COBRA). This results in a total of five hundred and five (505) days that International College was in breach of its COBRA notification obligation.

█ Second, defendant asserts that the $80 penalty should be reduced. Section 502(c) of ERISA, 29 U.S.C. § 1132(c), provides that if a group health plan administrator fails to provide the requisite CO-BRA notices, a court has the discretion to find the administrator personally liable to the participant for up to $110 per day from the date of failure until the date of correction. 29 U.S.C. § 1132(c)(1) (The maximum civil penalty was increased from $100 to $110. *See* 29 C.F.R. § 2575.502c–1).

This penalty provision is meant to induce compliance with statutory notification requirements and to "be in the nature of punitive damages, designed more for the purpose of punishing violations than compensating the participant or beneficiary." *Scott v. Suncoast Beverage Sales, Ltd.,* 295 F.3d 1223, 1232 (11th Cir.2002). In the case at hand, the Court found that International College's failure to provide proper COBRA notification prejudiced plaintiff. Moreover, the Court found that $80 per day was an appropriate penalty in view of testimony by defendant's own witnesses which demonstrated that International College is in gross violation of COBRA in that it routinely does not provide COBRA notifications to employees and/or does not retain COBRA records.

After reviewing defendant's arguments, the Court maintains that the $80 per day penalty was appropriate and fully within the Court's discretion. However, as plaintiff has not proffered any objection to defendant's request to decrease the penalty, the Court hereby reduces the statutory penalty to $65 per day for the five hundred and five (505) days that International College was in breach of its COBRA notification obligation, for a total statutory penalty of $32,825.00.

█ International College's final argument is that plaintiff Ceinos is not a prevailing party, and thus is not entitled to attorneys' fees. Specifically, International College reasons that Ceinos did not prevail because he initially sought an award in excess of one million dollars in the complaint, but was awarded a judgment of only $40,000.00. This argument is futile. A prevailing party is a party who "succeed[s] on any significant issue ... which achieves some of the benefits plaintiffs sought in bringing suit." *Maine School Admin. Dist. No. 35 v. Mr. R.,* 321 F.3d 9, 14 (1st Cir.2003) (quoting *Hensley v. Eck-*

*erhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40). Here, plaintiff Ceinos received a favorable ruling by this Court finding International College liable for multiple violations of COBRA notice provisions. The fact that Ceinos' judgment was for a lesser amount than sought in the complaint does not diminish the fact that he is a prevailing party.

## II. Plaintiff's Motion for Attorneys' Fees

Also before the Court is plaintiff's counsel Rosalinda Pesquera and Anthony Murray memorandum on attorneys' fees. (Docket No. 18.) Section 502(g) of ERISA permits courts, in their discretion, to award reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g). As discussed above, plaintiff Ceinos is a prevailing party, and the Court has awarded him reasonable attorneys' fees and costs. In plaintiff's memorandum, Attorney Pesquera claims to have spent ten (10) hours on this case, which at a rate of $250 for five hours of in court time and five hours of out of court time totals $2,250.00. (*See id.*) Attorney Murray claims to have spent thirty-nine and a half (39.5) hours, which at a rate of $150 for five hours of in court time and $125 for thirty-four and a half hours out of court time totals $4,312.50. (*See id.*).

"In fashioning fee awards, the attorneys' contemporaneous billing records constitute the usual starting point, but the court's discretion is by no means shackled by those records .... [I]t is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295–96 (1st Cir.2001)(citing *Coutin v. Young & Rubicam, Inc.,* 124 F.3d 331, 337 (1st Cir.1997)); *see also Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984) (discussing the issue of excessive and re-

petitive hours in attorneys' fees submissions). In other words, the district court may in its discretion exclude those hours which were not reasonably expended. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). The Court has reviewed the itemization of time-sheets submitted by Attorney Pesquera and Attorney Murray, and finds the quantity of hours billed to be reasonable.

Attorney Pesquera seeks an hourly rate of $250 for in court time and $200 for out of court time. (Docket No. 18.) Attorney Murray seeks an hourly rate of $150 for in court time and $125 for out of court time. (*See id.*) Once again, as with the amount of time spent working on a case, the "court may take guidance from, but is not bound by, an attorneys' standard billing rate." *Gay Officers Action League v. Puerto Rico,* 247 F.3d at 296 (citing *Brewster v. Dukakis,* 3 F.3d 488, 492–93 (1st Cir.1993)). The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Andrade v. Jamestown Housing Auth.,* 82 F.3d 1179, 1190 (1st Cir.1996). In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989).

In the present case, based on the counsels' level of experience, the issues presented, and the level of complexity in this case, the Court finds the rate of $190 to be appropriate for Attorney Pesquera and the rate of $125 to be an appropriate rate for Attorney Murray. Thus, Attorney Pesquera is entitled to an award of attorneys' fees for 10 hours at an hourly rate of $190,

for a total of $1,900. Attorney Murray is entitled to attorneys' fees for 39.5 hours at an hourly rate of $125, for a total of $4,937.50. Therefore, a grand total of $6,837.50 of attorneys' fees is awarded in this case.

## CONCLUSION

The Court reduces the statutory penalty applied against International College from $80 per day to $65 per day for the five hundred and five (505) days that International College was in breach of its COBRA notification obligation, for a total statutory penalty of $32,825.00. Further, the Court finds that plaintiff Ceinos is entitled to an award of attorneys' fees totaling $6,837.50. WHEREFORE the Court grants in part and denies in part defendant International College's motion to amend judgment (Docket No. 19), and grants in part plaintiff Ceinos' motion for attorneys' fees (Docket No. 18).

**IT IS SO ORDERED.**