### LATIN AMERICAN MUSIC CO., INC., et al., Plaintiffs,

v.

### The ARCHDIOCESE OF SAN JUAN OF THE ROMAN CATHOLIC AND APOSTOLIC CHURCH, et al., Defendants.

Civil Nos. 96–2312 (PG), 97–2356(PG), 97–2875(PG), 98–1597(PG), 00–1618(PG).

United States District Court, D. Puerto Rico.

March 7, 2007.

Angel N. Caro–Padilla, Angel N. Caro Law Office, Trujillo Alto, PR, Jane A. Becker–Whitaker, Jane Becker Whitaker, PSC, Francisco A. Besosa, Adsuar, Muniz, Goyco & Besosa PSC, Freddie Perez–Gonzalez, Freddie Perez Gonzalez & Assoc. PSC, San Juan, PR, for Plaintiffs.

Roberto Sueiro–Del–Valle, Roberto Sueiro Del Valle LLM, San Juan, PR.

Edelmiro Salas–Garcia, Mayaguez, PR, Luis R. Perez–Giusti, Mignucci & Perez Giusti, Dora M. Penagaricano–Suarez, McConnell Valdes, Ernesto Hernandez–Milan, Ernesto Hernandez Law Office, Rodrigo Otero–Bigles, Otero Suro & Otero Suro, Diego A. Ramos, Manuel A. Pietrantoni, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

Luis Raul Bernard, San Juan, PR, pro se.

### OPINION AND ORDER

PÉREZ–GIMÉNEZ, District Judge.

Before the Court is Isabela Broadcasting Co., d/b/a WKSA–FM Radio; Kelly Broadcasting System, Corp., d/b/a WNIK–FM, d/b/a WNIK–AM; Bestov Broadcasting, d/b/a WIAC–AM, d/b/a WIAC–FM, also known as Sistema 102; Aerco Broadcasting Corp., d/b/a WQBS–AM, also known as Cadena QBS; VI–MAN Broadcast System, Corp., d/b/a WEGA–AM, also known as Radio Las Vegas (collectively "Radio Station Group I") and Turabo Radio Corp., ARSO Radio Corporation, WNEL–AM also known as Radio Tiempo; WTVA–FM also known as Salsoul; El Mundo Broadcasting Corp., WKAQ–FM; Prime Media Broadcasting Group, Inc.; and WXNT–FM also known as Z–93 (collectively "Radio Station Group II") requests for attorney fees (Dockets No. 380, 386 and 381[1]). For the reasons stated herein, the Court **GRANTS IN PART and DENIES IN PART** said requests.

Also pending before the Court is the Peer Parties'[2] second motion for attorney

---

**1.** Docket No. 381 in Civil Case No. 96–2312(PG) is the same as Docket No. 32 in consolidated Civil Case No. 97–2356(PG), which is also pending before the Court.

**2.** Peer International Corporation, Peer International Corporation of Puerto Rico, Southern Music Publishing Company, Inc., Peermusic Ltd., Sonido, Inc. d/b/a FAF Publishing, EMI Catalogue Partnership, EMI April Music, Inc., and Broadcast Music Inc., ("BMI"), are

fees and costs (Docket No. 382). For the foregoing reasons, it is hereby **DENIED WITHOUT PREJUDICE** and the Peer Parties are granted a final additional term of thirty (30) days to submit a corrected application.

## I. BACKGROUND

Radio Station Groups I and II requested costs and attorney fees (Dockets No. 369 and 370). The Court, in its discretion, granted Dockets No. 369 and 370 as requested, and authorized all prevailing parties to submit an application for full costs given the circumstances of this case, notably the LAMCO Parties'[3] continued insistence on prolonging this litigation. *See* Docket No. 376 at 21. In that same Order, this Court set forth the applicable standard of review of motions requesting attorney fees and costs. Said standard is incorporated herein.

## II. APPLICABLE LAW AND ANALYSIS

### A. Attorney's Fees

■ Section 505 of the Copyright Act, 17 U.S.C. § 505, provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Generally, a showing of bad faith or frivolity is not a precondition to awarding attorney fees in copyright infringement cases; the only requirements are that the fee

award be granted to the prevailing party and that amount be reasonable. *Id.; see also Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 853 (11th Cir.1990).

■ In the instant case, the Radio Station Groups I and II's requests for attorney fees is unopposed. However, this does not relieve the Court of its duty of making sure that the amount requested is reasonable. To determine a reasonable amount of attorney fees, courts in this Circuit apply the "lodestar" approach, first calculating the prevailing hourly rate and then time spent performing the various legal tasks, finally subtracting those which are excessive, duplicative, or unnecessary. *Tejada–Batista v. Fuentes–Agostini,* 263 F.Supp.2d 321, 326–27 (D.P.R.2003); *see also Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295 (1st Cir.2001). In order to receive the proper award of attorney fees, a prevailing party must submit with its motion evidence to support the number of hours and rates sought, and show that the rates being sought are comparable to those in the community. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ The Court first determines the appropriate hourly rate. According to the lodestar method, "the hourly rate should be 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Tejada–Batista,* 263 F.Supp.2d at 327 (*quoting Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). "In reaching its determination, the court may rely upon its

---

collectively referred to herein as the "Peer Parties."

**3.** Latin–American Music Company, Inc. ("LAMCO"), Asociacion de Compositores y Editores de Musica Latino Americana, Inc.

("ACEMLA"), and Mr. Luis Raul Bernard, the majority shareholder of both LAMCO and ACEMLA, are collectively referred to herein as the "LAMCO Parties."

own knowledge of attorneys' fees in the community." *Rodriguez v. International College of Business and Technology, Inc.,* 356 F.Supp.2d 92, 96 (D.P.R.2005) (*citing Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)).

■ Courts may award different rates depending on whether the time was invested in court or out of court. *See Ciudadana v. Gracia–Morales,* 359 F.Supp.2d 38, 45 (D.P.R.2005) (finding rates of $200.00 an hour for out-of-court work and $225.00 an hour for in-court work justified); *Rodriguez,* 356 F.Supp.2d at 96–97 (finding rate of $190 and $125 to be appropriate); *Top Entertainment Corp. v. Torrejon,* 349 F.Supp.2d 248, 253–255 (D.P.R.2004) (finding hourly rate of $125.00 reasonable); *Anywhere, Inc. v. Romero,* 344 F.Supp.2d 345, 348 (D.P.R.2004) (finding rate of $250 to be appropriate); *Vieques Conservation and Historical Trust, Inc. v. Martinez,* 313 F.Supp.2d 40, 47 (D.P.R.2004) (reducing attorney's hourly rate to $225 to equate with local rates); *Sepulveda Carrero v. Rullan,* 2005 WL 1949775 *2 (D.P.R. 2005) (finding an hourly rate of $115 to $100 for in-court time and $90 for out-of-court time reasonable in light of the prevailing rates in the community).

■ Attorney Roberto Sueiro del Valle represented both the Radio Station Groups I and II. In the fee applications, Attorney Sueiro's hourly rate is set at $150.00/hour. However, the parties' motions do not include affidavits supporting their attorney's hourly rate. Additionally, they failed to provide evidence pertaining to the prevailing rate in the community. *Top Entertainment Corp.,* 349 F.Supp.2d at 254 (party seeking attorney fees is required to present evidence other than the attorney's own affidavits regarding the prevailing hourly rate). Neither does Sueiro differentiate the rates for out-of-court time from the in-court time rate. In reaching its determination, the Court will thus rely upon its own knowledge of attorneys' fees in the community. Since both parties have failed to provide any information justifying their attorney's hourly rate, the Court will set his rate at the lower end of the prevailing rate in the community: Atty. Sueiro's in-court time will be awarded at a rate of $100.00 per hour, and his out-of-court time will be reduced to $90.00. *See Sepulveda Carrero v. Rullan,* 2005 WL 1949775, *2; *see also Zayas v. Puerto Rico,* 451 F.Supp.2d 310, 316 (D.P.R.2006).

■ Finally, we must consider if there is any reason to adjust the requests downward or upward. Adjustments are made only in unusual circumstances. However, a reduction for time spent on unsuccessful claims or redundant or excessive hours is appropriate. *See Williams v. Hanover Housing Authority,* 113 F.3d 1294, 1301 (1st Cir.1997). The application should exhibit detailed contemporaneous time records, as per the preference in this Circuit. *See Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984) ("Henceforth, in cases involving fee applications for services rendered after the date of this opinion, the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance.").

■ Nevertheless, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The district court also may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (C.A.5 1974)...." *Hens-*

*ley v. Eckerhart,* 461 U.S. at 434 n. 9, 103 S.Ct. 1933. To wit, these factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases. *See also Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 n. 3 (1st Cir.1997).

**1. Radio Station Group I Motion for Attorney Fees (Docket No. 380)**

■ The Court has carefully reviewed the itemized invoices of the work performed throughout this case and finds the resource allocation to be "excessive, redundant or otherwise unnecessary." *See Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. 1933.

Attorney Sueiro requested a total award of $101,062.50 for 673.50 hours at a rate of $150.00. First of all, the record is replete with entries of unimportant time spent reviewing and analyzing other attorneys' filings and Court orders in the captioned-case. Second, the Court finds that most of the entries pertaining to those "review and analyze" entries are excessive and unnecessary.

For example, Sueiro charges one (1) hour on March 18, 1997 for allegedly reviewing the Minutes of the Status Conference held on March 13, 1997, which consist of a grand total of six (6) sentences (see Docket No. 28). On May 29, 1997, Sueiro charges another hour at $150.00 for allegedly "reviewing and analyzing" Attorney Barry Slotnick's Notice of Appearance Pro Hac Vice, which is a standard filing in this district that requires little or no analysis. It is pellucid from the records submitted to this Court that Sueiro's inflation of time entries was a pattern throughout the eight (8) years in which he was involved in this case.

■ This Court "need not feel handcuffed by counsel's submission of time records, no matter how elaborate. To the contrary, the presiding judge must draw on his own experience and wisdom [in] deciding whether the time spent on each phase was in excess of a reasonable amount." *U.S. v. Metropolitan Dist. Com'n,* 847 F.2d 12, 18 (1st Cir.1988) (*quoting Gabriele v. Southworth,* 712 F.2d 1505, 1507 (1st Cir.1983)). A court may readily make substantial reductions, particularly if based on personal observation. *See Jacobs v. Mancuso,* 825 F.2d 559, 560 (1st Cir.1987).

In light of the above, this Court finds that of the 673.50 hours charged by Atty. Sueiro, 37.55 hours are either excessive or duplicative (see table below). Of the 635.95 hours remaining, only 19.75 were spent in court. Of these 19.75 hours, 4.0 hours [4] are exclusive to Radio Station Group I, and the remaining 15.75 hours were spent in the legal representation of both Radio Station Group I and II. Accordingly, the latter will be distributed in equal parts to each group. As previously mentioned, these hours will be awarded at an hourly rate of $100.00. Therefore, Radio Group is entitled to a total of **$1,187.50 for in-court attorney fees.**

---

4. See Docket No. 380–2, entry dated 5/28/1997.

Of the 616.20 hours spent out-of-court, this Court finds that at least 20 percent (%) were spent in unnecessary and redundant tasks, specifically reviewing other parties' filings as well as this Court's various orders and minutes of hearings. Thus, Atty. Sueiro's out-of-court hours will be reduced by 20 percent (%) to account for the fact that he did not carry the weight of the litigation at hand as reflected by Sueiro's own time records and in accordance with this Court's observations throughout the proceedings of the captioned case.[5] Per the foregoing, this Court finds that 492.96 hours is a reasonable amount of out-of-court hours. The Court also finds that of these 492.96 hours, 268.40 were exclusively dedicated to the legal representation of Radio Station Group I, and the remaining 224.56 were dedicated to the legal representation of both Radio Station Group I and II. Accordingly, these will be distributed in equal parts to each group. Sueiro's out-of-court hourly rate is set at $90.00, which results in a total amount of **out-of-court attorney fees** allocated to Radio Station Group I of **$34,261.20.**

Therefore, the Radio Station Group I's motion for fees (Docket No. 380) is **GRANTED IN PART AND DENIED IN PART,** and the LAMCO Parties shall reimburse **$35,448.70** in attorney fees to the Radio Station Group I. The Court's findings of excessive or duplicative hours and calculations are depicted in the table below:

| Billing Date | Amount Billed Reduced by | Reason |
|---|---|---|
| 12/16/1996 | −0.25 | Excessive |
| 12/23/1996 | −0.25 | Excessive |
| 1/27/1997 | −0.25 | Excessive |
| 2/3/1997 | −0.75 | Excessive |
| 2/28/1997 | −0.75 | Excessive |
| 3/18/1997 | −0.75 | Excessive |
| 5/19/1997 | −0.75 | Excessive (Review and analysis of Court Order) |
| 5/22/1997 | −0.75 | Excessive (Review and analysis of Court Order) |
| 5/29/1997 | −0.75 | Excessive (Review and analysis of Notice) |
| 6/23/1997 | −0.75 | Excessive (Review and analysis of Motion) |
| 6/30/1997 | −0.25 | Excessive (Review and analysis of Notice) |
| 6/23/1997 | −0.25 | Excessive (Review and analysis of Notification) |
| 7/18/1997 | −0.75 | Excessive (Review and analysis of Motion) |

5. When considering the third *Johnson* factor, "the skill requisite to perform the legal service properly," "[t]he trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration." *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir.1974). The Court draws from its past experience as a trial lawyer, its numerous years on the bench and first-hand observations of the participating attorneys in the case at hand in making its determination of reasonable attorney fees.

| Billing Date | Amount Billed Reduced by | Reason |
|---|---|---|
| 7/22/1997 | –0.75 | Excessive (Review and analysis of Motion) |
| 7/31/1997 | –0.75 | Excessive (Review and analysis of Motion Re: Extension) |
| 7/31/1997 | –0.75 | Excessive (Review and analysis of Motion Re: Attorney) |
| 7/31/1997 | –1.25 | Excessive (Review and analysis of Notification) |
| 8/5/1997 | –0.75 | Excessive |
| 8/13/1997 | –0.75 | Excessive |
| 8/18/1997 | –0.25 | Excessive (Review and analysis of Motion) |
| 8/20/1997 | –0.25 | Excessive (Review and analysis of Motion) |
| 9/2/1997 | –0.25 | Excessive (Review of Motion Re: Extension) |
| 9/12/1997 | –0.50 | Excessive (Review of Notification) |
| 1/16/1998 | –1.00 | Excessive (Review of Notification) |
| 2/26/1998 | –1.00 | Excessive (Review of Notification) |
| 3/27/1998 | –0.75 | Excessive (Review and analysis of Motion) |
| 6/1/1998 | –1.50 | Duplicative (entered twice) |
| 6/2/19986 | –2.00 | Duplicative (entered twice) |
| 6/3/1998 | –0.75 | Excessive (Review of Notification) |
| 6/11/1998 | –1.00 | Excessive (Review of Minutes) |
| 9/16/1998 | –0.25 | Excessive |
| 9/21/1998 | –0.25 | Excessive |
| 9/24/1998 | –1.00 | Excessive |
| 10/12/1998 | –1.50 | Excessive |
| 12/15/1998 | –0.75 | Excessive |
| 4/29/1999 | –1.50 | Excessive |
| 5/17/1999 | –1.00 | Excessive |
| 6/7/1999 | –0.25 | Excessive |
| 6/9/1999 | –0.25 | Excessive |
| 7/13/1999 | –0.25 | Excessive |
| 4/4/2000 | –0.25 | Excessive |
| 7/18/2000 | –0.50 | Excessive |
| 7/31/2000 | –0.50 | Excessive |
| 8/17/2000 | –0.25 | Excessive |
| 9/19/2000 | –0.25 | Excessive |
| 10/2/2000 | –0.25 | Excessive |
| 10/17/2000 | –0.25 | Excessive |
| 12/4/2000 | –0.25 | Excessive |
| 12/6/2000 | –0.50 | Excessive |
| 12/7/2000 | –0.25 | Excessive |
| 12/22/2000 | –0.25 | Excessive |
| 1/8/2001 | –0.25 | Excessive |
| 1/11/2001 | –0.25 | Excessive |
| 1/16/2001 | –0.75 | Excessive |

| Billing Date | Amount Billed Reduced by | Reason |
|---|---|---|
| 1/18/2001 | −0.25 | Excessive |
| 11/30/2001 | −0.25 | Excessive |
| 12/31/2001 | −0.25 | Excessive |
| 1/29/2002 | −0.25 | Excessive |
| 2/4/2002 | −0.15 | Excessive |
| 2/8/2002 | −0.20 | Excessive |
| 2/19/2002 | −0.25 | Excessive (Review and analysis of Motion) |
| 3/20/2002 | −0.20 | Excessive |
| 9/19/2002 | −0.50 | Excessive |
| 3/14/2003 | −0.25 | Excessive |
| 3/31/2003 | −1.00 | Excessive (Review and analysis of Court Order) |
| 6/19/2003 | −0.25 | Excessive (Review and analysis of Motion) |
| 6/20/2003 | −0.25 | Excessive (Review and analysis of Motion) |
| 3/2/2004 | −0.25 | Excessive (Review and analysis of Court Order) |

| | |
|---|---|
| Total Hours Reduced | −37.55 |
| Total Hours Requested | 673.50 |
| **Sub–Total Hours** | **635.95** |
| | |
| In–Court Hours | 19.75 |
| In–Court Hourly Rate | $ 100.00 |
| Total In–Court Fees | $ 1,975.00 |
| *Amount Exclusive to Group I* | *$ 1,187.50* |
| | |
| Out–of–Court Hours | 616.20 |
| Reduction | 20% |
| Reasonable Out–of–Court Hours | 492.96 |
| Out–of–Court Hourly Rate | $ 90.00 |
| Total Out–of–Court Fees | $44,366.40 |
| *Out–of–Court Amount Exclusive to Group I* | *$34,261.20* |
| | |
| ***Total Fees Allocated to Radio Station Group I*** | *$35,448.70* |
| ***Remaining Amount to be Allocated to Radio Station Group II*** | *$10,892.70* |
| **Total** | **$46,341.40** |

2. **Radio Station Group II Motion for Attorney Fees (Docket No. 381)**

▮ Attorney Sueiro requested an award of $57,975 for his legal representation of the Radio Station Group II. Said amount consists of 386.5 hours of work at an hourly rate of $150.00. This Court finds that most of the entries dated from April 28, 1997 to June 1, 1998 are either

excessive or a repetition of the entries made in Docket No. 380 (in other words, Atty. Sueiro is charging both sets of clients for identical tasks). As such, the entries will be either reduced or totally eliminated. This Court also finds that all of the time recorded from June 2, 1998 to December 6, 2004 is literally a "copy and paste" of Radio Station Group I's request for attorney fees, and thus, is reduced to zero (0). Nevertheless, Radio Station Group II will be allocated half of the fees allowed regarding Atty. Sueiro's legal representation of both groups, which, as shown in the table in the previous section, amounts to **$10,892.70**.

As follows, is a table depicting what this Court finds are the reasonable amount of hours and fees to be awarded to Atty. Sueiro for the legal representation of the parties making up the Radio Station Group II. These hours were exclusively dedicated to the legal representation of Radio Station Group II. The Court also notes that no out-of-court time is included therein; therefore, all hours will be charged at an hourly rate of $90.00.

| Date | Reasonable Time |
|---|---|
| 4/28/1997 | 1.50 |
| 5/16/1997 | 0.50 |
| 5/16/1997 | 0.50 |
| 5/16/1997 | 0.50 |
| 5/24/1997 | 1.00 |
| 6/8/1997 | 1.25 |
| 6/14/1997 | 1.50 |
| 6/17/1997 | 1.00 |
| 6/18/1997 | 0.50 |
| 6/22/1997 | 1.25 |
| 8/5/1997 | 2.50 |
| 8/6/1997 | 3.00 |
| 8/7/1997 | 3.00 |
| 8/12/1997 | 2.50 |
| 8/13/1997 | 3.00 |
| 8/14/1997 | 1.00 |
| 8/15/1997 | 1.00 |
| 9/4/1997 | 0.50 |
| 9/11/1997 | 0.50 |
| 9/11/1997 | 0.25 |
| 9/12/1997 | 1.00 |
| 10/22/1997 | 1.25 |
| 10/30/1997 | 0.25 |
| 11/6/1997 | 0.25 |
| 11/7/1997 | 0.25 |
| 11/12/1997 | 1.25 |
| 11/13/1997 | 0.50 |
| 11/14/1997 | 0.25 |
| 12/3/1997 | 2.50 |
| 12/9/1997 | 2.75 |
| 1/8/1998 | 0.25 |
| 5/27/1998 | 1.00 |
| 5/28/1998 | 2.75 |
| 1/16/1998 | 2.00 |
| 1/20/1998 | 3.25 |
| 1/26/1998 | 4.00 |
| 1/27/1998 | 2.25 |
| 1/28/1998 | 1.50 |
| 1/30/1998 | 2.00 |
| 2/19/1998 | 2.25 |
| 2/19/1998 | 0.25 |
| 2/23/1998 | 0.25 |
| 2/25/1998 | 1.00 |
| 2/26/1998 | 1.50 |
| 2/26/1998 | 0.50 |
| 3/10/1998 | 0.50 |
| 5/22/1998 | 1.50 |
| 5/29/1998 | 1.25 |
| 5/29/1998 | 3.00 |
| 6/1/1998 | 0.50 |
| 2/98–12/6/04 | 0.00 |
| **Total Hours** | 68.50 |
| **Hourly Rate** | $ 90.00 |
| **Total** | **$6,165.00** |

As a result, the sum of both amounts ($6,165.00 + $10,892.70) results in a total award of $17,057.70. Accordingly, the Radio Station Group II's attorney fees application (Docket No. 381) is **GRANTED IN PART AND DENIED IN PART,** and the LAMCO Parties shall reimburse $17,057.70 in attorney fees to the Radio Station Group II.

### 3. Peer Parties' Application for Attorney Fees and Costs

In its September 26, 2005 Opinion and Order, this Court denied without prejudice the Peer Parties motion for costs and attorney fees (Docket No. 372) for failing, among other things, to disclose the legal tasks to which particular time was dedicated. *See* Docket No. 376 at 21. The Peer Parties timely submitted a corrected application which is presently pending before the Court. (Docket No. 382). However, the Court has unearthed errata once again.

 Although the Peer Parties successfully evinced the legal tasks to which particular time was dedicated by submitting a voluminous set of time records prepared by the numerous participating attorneys, the Court finds that this time they failed to provide external information about the reasonable market rate for the attorneys' services. As previously disclosed, the fee applicant has the burden of establishing the prevailing market rate for comparable legal services. *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). A party seeking attorneys' fees is required to present evidence other than the attorney's own affidavits regarding the prevailing hourly rate. *Bordanaro v. McLeod,* 871 F.2d 1151, 1168 (1st Cir.1989). It is unfortunate that most of Plaintiffs' attorneys have not done so.

 Moreover, this case was filed and litigated in the District Court of Puerto Rico. In sculpting the reasonable hourly rate, the court should take into account the prevailing rate in the community for comparably qualified attorneys. *Vieques Conservation and Historical Trust, Inc. v. Martínez,* 313 F.Supp.2d 40, 45 (D.P.R. 2004) (*quoting Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992)). Under First Circuit law, there is a presumption that the proper rate to be applied to the work of out-of-town counsel is that of the forum community, rather than that which the attorney charges in the community in which he or she practices. *Id.* at 46 (*quoting Maceira v. Pagan,* 698 F.2d 38, 40 (1st Cir.1983)). This Court finds that some of the fee applicants' hourly rates are extremely above the prevailing rates in the community (e.g. Attorney Barry Slotnick's hourly rate of $625; Attorney Jacques Rimokh's hourly rate of $425; Attorney Jonathan Zavins' hourly rate of $425; Attorney Francisco A. Besosa's hourly rate of $280.00). *See* Docket No. 372. Neither do the applicants point out to this Court the specialized abilities that may justify such high rates.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Peer Parties' request for attorney fees and costs once again and, in our discretion, grants them a second and final chance at bat. Each one of the Peer Parties' attorneys for which fees are being requested shall properly evince the prevailing market rate for comparable legal services, and shall recalculate his/her request using said prevailing market rate in the community of the District Court of Puerto Rico. The Peer Parties are ordered to submit a corrected application within thirty (30) days of entry of this order.

## III. CONCLUSION

For all the reasons set forth above, judgment for attorney fees shall issue in favor of the Radio Station Group I and against the LAMCO Parties in the amount of $35,448.70, and in favor of the Radio Station Group II in the amount of $17,057.70. The Court also **DENIES WITHOUT PREJUDICE** the Peer Parties' request for attorney fees and costs (Docket No. 382), and grants them thirty (30) days from entry of this order to submit a corrected application.

**IT IS SO ORDERED.**