Ramonita **RODRIGUEZ SOSTRE**, Plaintiff,

v.

**MUNICIPIO DE CANOVANAS, et al., Defendants.**

**Civil No. 99–2094(JAG).**

United States District Court, D. Puerto Rico.

March 11, 2003.

Miguel A. Pagan–Rivera, San Juan, PR, Francisco San–Miguel–Fuxench, San Juan, PR, Gloria Robison–Guarch, Maria J. Surillo, Commonwealth Department of Justice, Laura Belendez–Ferrero, Reichard & Escalera, Francisco San–Miguel–Fuxench, Rafael Sanchez–Hernandez, Edificio First Bank, San Juan, PR, for defendant, Jose R. Soto–Rivera, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 28, 1999, plaintiff Ramonita Rodriguez–Sostre ("Rodriguez") brought suit against defendants the Municipality of Canovanas ("Municipality"); the Hon. Jose R. Soto–Rivera ("Soto"), Mayor of the Municipality; and Bienvenido Nieves–Matos ("Nieves"), Director of the Municipality's Civil Defense (collectively "defendants"), for gender-based employment discrimination (Docket No. 1). On April 26, 2002, a jury returned a verdict for plaintiff in the amount of $500,000 ($300,000 from the Municipality; $100,000 from Soto; and $100,000 from Nieves) (Docket No. 60). On April 30, 2002, the Court entered judgment (Docket No. 62). Pending before the Court are defendants' post-trial motions to amend or alter the judgment, for a new trial, for elimination or reduction of damages, or remittitur (Docket Nos. 63 & 69) and plaintiff's petition for attorneys' fees (Docket No. 81). For the reasons discussed below, the Court **denies** defendants' post-trial motions, and **grants** plaintiff's motion for attorneys' fees in the amount of $72,495.00.

## DISCUSSION

### A. *Defendants' Post–Trial Motions* [1]

Defendants seek to alter or amend the judgment contending that (1) the record

Robert Millan, Nora Vargas–Acosta, San Juan, PR, for Plaintiff.

---

1. Although defendants have submitted separate motions in their individual and official capacities, the Court will treat them as one

does not support the verdict, and (2) the amount of damages is excessive and unsupported by the record. Defendants have failed to specify the authority under which they seek relief. The Court will regard their motions as filed pursuant to Fed.R.Civ.P. 59.

■ Rule 59 allows the Court to order a new trial, upon a party's or its own motion, "for any of the reasons for which new trials have heretofore been granted." Fed.R.Civ.P. 59(a); *see also Taber Partners I v. Insurance Co. of N.A., Inc.*, 917 F.Supp. 112, 116 (D.P.R.1996).

> The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). The Court may grant a new trial although it has denied entry of judgment as a matter of law under Fed.R.Civ.P. 50, *China Resource Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 856 F.Supp. 856, 862 (D.Del.1994), or even when substantial evidence supports the jury's verdict, *Lama v. Borras*, 16 F.3d 473, 477 (1st Cir.1994). A new trial, however, "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.'" *Smith v. Delaware Bay Launch Service, Inc.*, 842 F.Supp. 770, 778 (D.Del.1994) (quoting *Cudone v. Gehret*, 828 F.Supp. 267, 269 (D.Del.1993)).

■ After thorough review of defendants' motions, the Court finds that their arguments lack merit and finds no reason to upset the jury's verdict. The outcome of this case depended heavily upon the credibility of each of the parties' witnesses. The jury chose to believe Rodriguez's witnesses over the defendants', and ultimately returned a verdict in her favor. The Court is not persuaded that the verdict constitutes a miscarriage of justice or that it shocks the conscience. Accordingly, the Court will allow it to stand.

As to the amount of damages, the Court finds that the amount awarded by the jury is consistent with the amounts juries have awarded in similar cases within this district. Therefore, the Court will not reduce, much less eliminate, the damages as awarded by the jury.

**B.** *Plaintiff's petition for an award of attorney's fees*

■ "In any action or proceeding to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988. "In order to qualify for attorneys' fees under 42 U.S.C. § 1988, a section 1983 plaintiff must be a prevailing party." *Ramos Padro v. Commonwealth of P.R.*, 100 F.Supp.2d 99, 102 (D.P.R. 2000) (citing *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "[C]ourts have generally held that a prevailing party should be compensated for its reasonable attorneys' fees, unless special circumstances would make such an award unjust." *Id.; see also Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir.1990). Because

insofar as the arguments presented in both motions are almost identical.

the jury in this case returned a verdict for Rodriguez on her § 1983 claims and awarded damages in the amount of $500,000, there is no question that she is a prevailing party under the applicable standard.

Defendants oppose plaintiff's petition by merely stating that the amount is excessive. They fail, however, to even attempt to develop a reasonable argument against the award. Therefore, finding no reason why plaintiff's petition should be denied or reduced, the Court will award the following amounts as attorneys' fees:

a. *Attorney Robert Millan*

Robert Millan claims 38.5 hours of in-court work at a rate of $225.00 per hour, and 183.6 hours of out-of-court work at a rate of $200.00 per hour. Thus, he is entitled to the following:

| | | |
|---|---|---|
| In–Court work | 38.5 hrs. × $225.00 = | $ 8,662.50 |
| Out–of–Court work | 183.6 hrs. × $200.00 = | $36,720.00 |
| TOTAL | | $45,382.00 |

b. *Attorney Nora Vargas Acosta*

Nora Vargas claims 39.25 hours of in-court work and 86.5 hours of out-of-court work at a rate of $250.00 per hour, and 86.5 hours of out-of-court work at a rate of $200.00 per hour. Thus she is entitled to the following:

| | | |
|---|---|---|
| In–Court work | 39.25 hrs. × $250.00 = | $ 9,812.50 |
| Out–of–Court work | 86.5 hrs. × $200.00 = | $17,300.00 |
| TOTAL | | $27,112.50 |

## CONCLUSION

For the foregoing reasons, the Court **denies** defendants' post-trial motions (Docket Nos. 63 & 69), and **grants** plaintiff's petition for an award of attorneys' fees in the amount of $72,495.00 (Docket No. 81).

IT IS SO ORDERED.