Dorcas **ROSARIO–URDAZ**, Plaintiff

v.

Victor **RIVERA–HERNANDEZ**, et al., Defendants.

Civil No. 02–1498(SEC).

United States District Court, D. Puerto Rico.

Sept. 14, 2006.

Roberto Buso–Aboy, Buso Aboy Law Office, Victor P. Miranda–Corrada, San Juan, PR, for Plaintiff.

Celina Romany–Siaca, Celina Romany Law Office, Juan M. Frontera–Suau, Frontera Suau Law Office, Gloria Robison–Guarch, Department of Justice, Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Plaintiff, the prevailing party in the instant civil action, has filed two motions requesting attorney's fees (Dockets ##116 & 118). Despite having filed two requests for extensions of time to oppose said requests, both of which were granted by the Court, Defendants failed to oppose Plaintiff's motions. *See* Dockets ##120–124. After carefully reviewing Plaintiff's unopposed filings, as well as the applicable law, for the reasons set herein, Plaintiff's requests will be **GRANTED as modified.**

**Applicable Law and Analysis**

■ In Section 1983 cases such as the instant one, 42 U.S.C. § 1988(b) governs an award of attorneys' fees. Section1988(b) states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Notwithstanding the discretionary language of the statute, "[i]n civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." *Casa Marie Hogar Geriátrico, Inc. v. Rivera–Santos,* 38 F.3d 615, 618 (1st Cir.1994). That is, fees should be awarded to successful plaintiffs absent unusual circumstances. *Williams v. Hanover Housing Authority,* 113 F.3d 1294, 1300 (1st Cir.1997) (citations omitted).

■ In adjudicating a request for attorney's fees, the Court needs to determine whether: (1) a party is in fact a "prevailing party;" (2) the compensation sought is reasonable (i.e. calculation of the lodestar); and (3) there are any additional but exceptional considerations that may require to

adjust upward or downward. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■■■ A plaintiff is a prevailing party if he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Texas State Teachers Assoc. v. Garland Indep. School District*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). To make the lodestar calculation, the Court applies the prevailing billing rates to the hours reasonably expended on successful claims. This calculation is made by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)[1]. "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustments in certain circumstances." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir.1992) (citations omitted).

In the case at bar, there are two unopposed motions requesting attorney's fees, one by Atty. Victor Miranda–Corrada (Docket # 116) and another by Atty. Roberto Busó–Aboy (Docket # 118). Both attorneys represented Plaintiff in this case. Atty. Miranda–Corrada requests a total of $43,735.00 (17.80 hours × $250.00/hour for in-court time and 174.60 hours × $225.00/hour for out-of-court time). Atty. Busó–Aboy requests a total of $31,262.50 (21.50 hours × $300.00 for in-court time

and 99.25 hours × $250.00 for out-of-court time). Both motions have been accompanied with an affidavit in support as well as an itemized statement detailing the hours invested in the case with a description of the work performed. Both attorneys have represented to the Court that care was taken not to duplicate tasks and hours billed and that the hours dedicated to tasks unrelated to the issue in which Plaintiff ultimately prevailed have been excluded from these requests.

Plaintiff's was a case of political discrimination brought under Section 1983. Plaintiff claimed to have been terminated from employment at the Puerto Rico Department of Labor ("PRDL") due to her political affiliation to the New Progressive Party. She claimed relief for alleged violations to her First Amendment and Due Process rights under Section 1983 and damages under Articles 1802 and 1803 of the Puerto Rico Civil Code. Aside from damages, Plaintiff also requested declaratory judgment and injunctive relief. Although Plaintiff did not ultimately prevail on her claims for damages (*see* Docket # 97), she did obtain prospective relief. That is, after the holding of a bench trial, the Court held that Plaintiff was entitled to immediate reinstatement to her post in the PRDL (Docket # 105). Both Plaintiff and Defendants appealed the Court's decisions—Plaintiff, the decision to dismiss her claims for money damages and, Defendants, the decision to reinstate Plaintiff to her former employment. *Rosario–Urdaz*

---

**1.** Other factors to consider in making this determination are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron*, 489 U.S. 87, 91–92 n. 5, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (1974)).

v. *Velazco*, 433 F.3d 174 (1st Cir.2006). The First Circuit affirmed both of the Court's decisions. *Id.* at 181. Accordingly, Plaintiff was immediately reinstated but her claim for damages was dismissed with prejudice.

■ Per the foregoing, there is little doubt that Plaintiff is a prevailing party on her Section 1983 claim. The reinstatement to her former position allows her that status, and as such, her entitlement to attorney's fees, since attorney's fees are available when a party has prevailed by obtaining prospective relief. *Blanchard v. Bergeron*, 489 U.S. 87, 95–96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (Section 1988 makes no distinction between a relief of monetary damages and prospective relief). We thus proceed to determine the reasonableness of the requests.

■ The lodestar method requires that the hourly rate used by the Court be in line with those prevailing in the community "for similar services for lawyers of reasonably comparable skill, experience, and reputation." *Sepúlveda–Carrero v. Rullán*, 2005 WL 1949775 *2 (D.P.R.) (*quoting Tejada–Batista v. Fuentes–Agostini*, 263 F.Supp.2d 321, 327 (D.P.R.2003)) (internal quotations omitted). For this, the Court may take into consideration its knowledge about the prevailing hourly rate in this community. Having examined other cases in this district, we find that the hourly rates proposed by both Atty. Miranda–Corrada and Atty. Busó–Laboy are higher than the prevailing rate in the community. *See Sepúlveda–Carrero*, slip op * 2 (finding that an hourly rate of $115.00 to $100.00 for in-court time and $90.00 for out-of-court time reasonable in light of the prevailing rates in the community); *Ciudadana v. García–Morales*, 359 F.Supp.2d 38, 45 (D.P.R.2005) (setting $225.00 for in-court and $200.00 for out-of-court time as the hourly rate); *Rodríguez–Sostre v.*

*Municipio De Canóvanas*, 251 F.Supp.2d 1055, 1058 (D.P.R.2003) (awarding $225.00 to $250.00 for in-court time and $200.00 for out-of-court time); *Tejada–Batista*, 263 F.Supp.2d at 328 (holding that a rate of $175.00 for in-court time and $150.00 for out-of-court time is as reasonable); *Rodríguez v. Int'l College of Business Tech., Inc.*, 356 F.Supp.2d 92, 96–97 (D.P.R.2005) (approving $190.00 for in-court time and $125.00 for out-of court time); *Top Entertainment Corp. v. Torrejon*, 349 F.Supp.2d 248, 254–55 (D.P.R.2004) (finding $250.00 hourly rate as excessive and reducing the rate to $125.00/hour); *Anywhere, Inc. v. Romero*, 344 F.Supp.2d 345, 348 (D.P.R. 2004) (finding that an hourly rate of $250.00 for the more experienced attorney and of $150.00 for the less experienced attorneys reasonable); *Vieques Conservation & Hist. Trust, Inc. v. Martínez*, 313 F.Supp.2d 40, 47 (D.P.R.2004) (reducing hourly rate to $225.00).

■ Atty. Miranda–Corrada has requested that his hourly rate be set at $250.00/hour for in-court time and $225.00/ hour for out-of-court time. Atty. Miranda–Corrada completed his undergraduate studies at Princeton University and graduated *cum laude* from the University of Puerto Rico Law School. He then began his practice in the federal court in 1984, 22 years ago, and has devoted most of his time to litigating civil rights and employment discrimination cases. While Atty. Miranda–Corrada is a competent attorney with ample experience in civil rights litigation, Plaintiff's case was basically a run-of-the-mill political discrimination case. As such, we will modify Atty. Miranda–Corrada's hourly rate as follows: $225.00/hour for in-court time and $200.00/ hour for out-of-court time. Notwithstanding this slight reduction, we have set Atty. Miranda–Corrada's rate at the higher end of what we deem to be the prevailing

standard in the community for this type of civil rights cases.

As to Atty. Busó–Aboy, he has requested that his hourly rate be set at $300.00/hour for in-court time and $250.00 for out-of-court time. Atty. Busó–Aboy completed his undergraduate studies at Harvard University, where he graduated *cum laude.* He also attended law school at Harvard University. Atty. Busó–Laboy began practicing in federal court in 1964, more that 30 years ago. Furthermore, he has devoted his practice to federal litigation including civil rights, political discrimination, and employment discrimination. We acknowledge that Atty. Busó–Laboy is also a competent attorney who has been in the federal practice for longer than Atty.Miranda–Corrada. As such, his rate is modified as follows: $250.00/hour for in-court time and $225.00/hour for out-of-court time. We find these modifications necessary since "the relevant rate is not the amount the party's lawyer might be paid by willing clients, but the amount that is normally paid in the community for similar services." *González v. P.R. Dept. of Education,* 1 F.Supp.2d 111, 114 (D.P.R. 1998) (citation omitted). These reductions best reflect the prevailing standard in the community for political discrimination cases, albeit at the higher end of the rates awarded in the cases examined by the Court.

Finally, we must consider if there is any reason to adjust the requests downward or upward. Adjustments are made only in unusual circumstances. However, a reduction for time spent on unsuccessful claims or redundant or excessive hours is appropriate. *See Williams,* 113 F.3d at 1301. Upon careful review of the time sheets provided by Atty. Miranda–Corrada we note that he has included time spent in researching and drafting motions pertaining to the Eleventh Amendment immunity doctrine and the award of back pay. *See* Docket # 117, Ex. 1. Said time amounts to 1.5 hours of his out-of-court time. Since Plaintiff did not prevail on her claims for monetary relief, *see Rosario–Urdaz v. Velazco,* 433 F.3d at 181, Atty. Miranda–Corrada's request must be reduced accordingly. *See e.g., Alvarez–Sepúlveda v. Colón–Matos,* 306 F.Supp.2d 100, 107 (D.P.R.2004) (reducing award of attorney's fees because the bill reflected fees for work performed in claims in which the party did not prevail). Per all the foregoing, Plaintiff's motions are **GRANTED as modified** and Plaintiff is awarded attorney's fees as follows:

**Atty. Miranda–Corrada**

| | | | |
|---|---|---|---|
| 173.10 out-of-court hours × $ 200.00 | = | $ 34,620.00 |
| 17.80 in-court hours × $ 225.00 | = | $ 4,005.00 |
| **TOTAL** | = | $ 38,625.00 |

**Atty. Busó–Laboy**

| | | | |
|---|---|---|---|
| 99.25 out-of-court hours × $ 225.00 | = | $ 22,331.25 |
| 21.50 in-court hours × $ 250.00 | = | $ 5,375.00 |
| **TOTAL** | = | $ 27,706.25 |

**SO ORDERED.**