Evelyn **RAMIREZ–LLUVERAS,** et al., Plaintiffs,

v.

Javier **PAGAN–CRUZ,** et al., **Defendants.**

**Civil No. 08–1486 (FAB).**

United States District Court, D. Puerto Rico.

Signed Nov. 18, 2014.

---

Carlos Concepcion–Castro, Concepcion Law Offices, Guaynabo, PR, Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, San Juan, PR, for Plaintiffs.

Eliezer Alberto Aldarondo–Lopez, Michael C. McCall, Simone Cataldi–Malpica, Aldarondo & Lopez Bras, PSC, Damaris Delgado–Vega, Guaynabo, PR, Michael S. Corona–Munoz, Trujillo Alto, PR, Pedro J. Landrau–Lopez, San Juan, PR, Carlos E. Cardona–Fernandez, Carolina, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(a); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarria v. Pichis, Inc.*, 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On October 23, 2014, the United States magistrate judge issued a thorough and well-supported Report and Recommendation ("R & R") (Docket No. 512), recommending that plaintiffs' motions for attorney's fees and costs (Docket Nos. 475 and 477) be granted and that their fees and litigation expenses be awarded as requested. The parties had until November 10, 2014 to object to the R & R. Neither party did. Therefore, the plaintiffs and the defendants have waived the right to further review in the district court. *Davet,* 973 F.2d at 30–31.

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations.

Accordingly, plaintiffs, as prevailing parties, are awarded attorney's fees in the amount of $399,122.50, plus litigation expenses in the amount of $12,947.28 incurred pursuant to 28 U.S.C. § 1988 and not recoverable as costs pursuant to 28 U.S.C. § 1923 for a total of $412,069.28.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AWARDING ATTORNEY'S FEES AND LITIGATION EXPENSES*

JUSTO ARENAS, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs are the surviving family members of Miguel A. Caceres–Cruz who was killed by an off-duty Puerto Rico police officer as the result of an unwarranted shooting. The sad and horrible story need not be retold here. *See Ramirez–Lluveras v. Rivera–Merced,* 759 F.3d 10, 13–14 (1st Cir.2014); *Ramirez–Lluveras v. Pagan–Cruz,* 919 F.Supp.2d 214, 216–17 (D.P.R.2013); *Ramirez–Lluveras v. Pagan–Cruz,* 862 F.Supp.2d 82, 87–88 (D.P.R. 2012); *Ramirez–Lluveras v. Pagan–Cruz,* 833 F.Supp.2d 165, 170–71 (D.P.R.2011); *Ramirez–Lluveras v. Pagan–Cruz,* 833 F.Supp.2d 151, 155 (D.P.R.2011).

This matter is before the court on unopposed motion for attorney's fees and litigation expenses filed by prevailing plaintiffs on November 26, 2012, as corrected two days later. (Docket Nos. 475, 477.) The award is requested against Javier Pagan–Cruz, the killer, and on-scene police officers Carlos Sustache–Sustache and Zulma Diaz, against whom a verdict was announced on November 9, 2012. (Docket No. 464). The verdict was not appealed. An additional motion was filed by prevailing plaintiffs on December 11, 2012 representing additional expenses as part of the request for attorney's fees. (Docket No. 479). A ruling on the motion was deferred pending a related appeal. Prevailing plaintiffs resubmitted the request for attorney's fees on October 2, 2014. (Docket No. 506).

The matter of attorney's fees and litigation expenses was referred to me for report and recommendation also on October 2, 2014 (Docket Nos. 508, 509). For the reasons set forth below, I recommend that plaintiffs' request for attorney's fees and litigation expenses, as supplemented and reaffirmed (Docket Nos. 475, 479, 506) be GRANTED in its entirety, and that prevailing plaintiffs be awarded attorneys fees representing hourly rates in the amount of $399,122.50, in addition to litigation expenses incurred under 28 U.S.C. § 1988, and not recoverable as costs under 28 U.S.C. § 1923, in the amount of $12,947.28 for a total of $412,069.78.

## II. ANALYSIS

### A. Attorney's Fees

As a general rule litigants must pay their "own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 550, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010); *see also Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 293 (1st Cir.2001). However, the court "may allow the prevailing party, except the United States, a reasonable attorney's fee as part of the costs." *Id.* A party "prevails" on their claim " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978)). It is indisputable that plaintiffs prevailed in this case against the three defendants which are the focus of the motion for attorney's fees. (A multi-million dollar verdict reflects that success). Such fees are authorized under the Civil Rights Act of 1871, 42 U.S.C. § 1988. *See White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 451–52, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Esso Standard Oil Co. (Puerto Rico) v. Lopez Freytes,* 577 F.Supp.2d 553, 556 (D.P.R.2008); *Tejada–*

*Batista v. Fuentes–Agostini,* 263 F.Supp.2d 321, 326 (D.P.R.2003).

The method by which this district court determines the "reasonableness" of such fees is the "lodestar method." *Esso Standard Oil Co. (Puerto Rico) v. Lopez Freytes,* 577 F.Supp.2d at 556–57, citing *Bogan v. City of Boston,* 489 F.3d 417, 426 (1st Cir.2007); *see also* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10 *Federal Practice & Procedure* § 2675.1 (3d ed.2008); *McDonough v. City of Quincy,* 353 F.Supp.2d 179, 183 (D.Mass.2005) (applying the "lodestar method" in a Title VII attorney's fees and costs action); *Esso Standard Oil Co. (Puerto Rico) v. Lopez Freytes,* 577 F.Supp.2d at 556–57. Under the lodestar method, "the number of hours productively spent [are multiplied] by a reasonable hourly rate to calculate a base figure." *Torres–Rivera v. O'Neill–Cancel,* 524 F.3d 331, 336 (1st Cir.2008) (citing *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. 1933). "In order to receive the proper award of attorney's fees, a prevailing party must submit with its motion evidence to support the number of hours and rates sought, and show that the rates being sought are comparable to those in the community." *Latin American Music Co. v. Archdiocese of San Juan of the Roman Catholic and Apostolic Church,* 488 F.Supp.2d 33, 37 (D.P.R.2007) (citing *Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. 1933); *see Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In determining the time reasonably expended by the prevailing party's counsel, the court "scrutinizes 'the individual fees for the contemporaneousness and sufficient detail required to justify the charge.'" *Janney Montgomery Scott LLC v. Tobin,* 692 F.Supp.2d 192, 196 (D.Mass. 2010) (quoting *Cerqueira v. Am. Airlines, Inc.,* 484 F.Supp.2d 241, 246 (D.Mass.

2007), vacated on other grounds, 520 F.3d 1, 20 (1st Cir.2008)). Time spent on "[e]xcessive, duplicative, or unnecessary legal tasks" may not be taken into account when calculating the fee. *Batista–Rivera v. Gonzalez,* 525 F.Supp.2d 255, 259 (D.P.R. 2007) (citing *Tejada–Batista v. Fuentes–Agostini,* 263 F.Supp.2d at 326–27). "After determining the time reasonably expended by the prevailing party's counsel, the court must focus on the rates to be applied to those hours." *United States v. One Rolex 18k Gold Watch with light brown crocodile style wrist band,* 696 F.Supp.2d 143, 146 (D.P.R.2010); *see Torres–Rivera v. O'Neill–Cancel,* 524 F.3d at 336–37. The "hourly rates depend on those prevailing in the community by lawyers with comparable skill, experience and reputation, as well as whether the time was invested in-court or out-of-court." *Rivera–Quintana v. Commissioner of Social Sec.,* 692 F.Supp.2d 223, 227 (D.P.R. 2010) (citing *Guillemard–Ginorio v. Contreras,* 603 F.Supp.2d 301, 311–12 (D.P.R. 2009)). "Once calculated, 'the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances.'" *Diffenderfer v. Gomez–Colon,* 606 F.Supp.2d 222, 226 (D.P.R.2009) (quoting *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992)). These include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client of the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the 'undesirability' of the case; (11) the nature and length of

the professional relationship with the client; and (12) the size of awards in similar cases." *Michel–Ramos v. Arroyo–Santiago,* 493 F.Supp.2d 249, 253 (D.P.R.2007). In this case, counsel have not sought an upward adjustment of an award of fees nor does a detailed review of the supporting documentation invite a downward adjustment of an award.

1. Hourly Rate

■ Plaintiff's lead counsel Judith Berkan requests that her hourly rate for attorney's fees be set at $385.00 per hour in court and $360.00 an hour for work out-of-court. (Docket No. 475, at 10). That total amounts to $288,359.45. (Docket No. 475–1 at 30–72) (time sheets). Counsel Mary Jo Mendez requests that her hourly rate for attorney's fees be set at $245.00 per hour in court and $225.00 an hour for work out-of-court. (Docket No. 475, at 11). That total amounts to $85,624.30. (Docket No. 475–2 at 13–31) (time sheets). Plaintiff counsel Carlos Concepcion requests that his hourly rate for attorney's fees be set at $190.00 per hour in court and $165.00 an hour for work out-of-court. (Docket No. 475, at 11). That total amounts to $17,723.75. (Docket No. 475–2 at 33–37) (time sheets). Plaintiff counsel Jose Guillermo Perez requests that his hourly rate for attorney's fees be set at $120 per hour for all his work, and plaintiff counsel Giselle Lombardi, a recent law school graduate and bar member requests that an hourly rate for attorney's fees be set at $70.00. (Docket No. 475, at 11). Their total claimed amounts are $6,834.00 and $581.00 respectively. (Docket No. 475, at 14).

■ A review of the numerous cases in which lead counsel has appeared, as well as of other experienced litigating attorneys in this district, reinforces the conclusion that the rate charged by plaintiffs' counsel

for her services "while not conclusive, is a reliable indicium of market value." *Guillemard–Ginorio v. Contreras,* 603 F.Supp.2d 301, 312 (D.P.R.2009) (citing *U.S. v. One Star Class,* 546 F.3d 26, 28 (1st Cir.2008)). As a result, the Court may "use counsel's standard rate, or the prevailing market rate in the forum, or a reasonable rate in between." *Id.* The conclusion that the rate of lead counsel is reasonable is invited from the efficient manner in which the litigation was managed and also in the conservative manner in which fees have been calculated. This takes into account the general knowledge in the legal community of the excellence of counsel Berkan's representation, and that she and attorney Mendez are in demand to the point of turning away work.

Counsel Berkan has presented sufficient evidence, in the form of reported cases, that would justify applying her requested rate in this case. *See Guillemard–Ginorio v. Contreras,* 603 F.Supp.2d at 313 (noting that "[a] party seeking attorney's fees is required to present evidence other than the attorney's affidavits regarding the prevailing rate") (quoting *Libertad v. Sanchez,* 134 F.Supp.2d 218, 231 (D.P.R.2001)). The curriculum vitae and experience of plaintiff counsel Mendez easily supports her requested attorney's fee. The same is to for the other three attorneys who participated in the litigation.

2. Number of Hours Worked

Plaintiffs' lead counsel Judith Berkan requests that her hourly rate for attorney's fees be set at $385.00 per hour in court where she spent 71.39 hours and $360.00 an hour for work out-of-court, where she spent 718.88 hours, in addition to 13.85 hours out-of-court at a reduced rate for travel time totaling $2,077.50. (Docket No. 475–1, at 22). That total amounts to $288,359.45. Counsel Mary Jo

Mendez requests that her hourly rate for attorney's fees be set at $245.00 per hour in court where she spent 71.39 hours, and $225.00 an hour for work out-of-court where she spent 298.15 hours, in addition to work on the fee petition for 10.5 hours at a rate of $100 an hour. (Docket No. 475–1, at 24). That total amounts to $85,624.30. Plaintiff counsel Carlos Concepcion requests that his hourly rate for attorney's fees be set at $190.00 per hour in court where he spent 48.95 hours, and $165.00 an hour for work out-of-court where he spent 51.05 hours. (Docket No. 475–1, at 24). That total amounts to $17,723.75. Plaintiff counsel Jose Guillermo Perez requests that his hourly rate for attorney's fees be set at $120 per hour for all his out-of-court work, having spent 53.2 hours in such endeavors, and plaintiff counsel Giselle Lombardi, a recent law school graduate and bar member requests that an hourly rate for attorney's fees be set at $70.00 for 7.2 hours worked. Their total claimed amounts are $6,834.00 and $581.00 respectively. (Docket No. 475–1, at 25–26).

### B. Overstaffing, Duplicative Work and Excessive Charges

■■■■ "As a general matter, the time for two or three lawyers in a courtroom or conference, when one would do, may obviously be discounted.... A trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 318 (quoting *Lipsett v. Blanco*, 975 F.2d 934, 938 (1st Cir.1992)); *see Rodriguez–Garcia v. Municipality of Caguas*, 787 F.Supp.2d 135, 145 (D.P.R.2011). Consequently "a court should not hesitate to discount hours if it sees signs that a prevailing party has overstaffed a case." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 318. However, the "[t]ime

spent by two Attorneys on the same general task is not, however, per se duplicative." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 318 (quoting *Rodriguez–Hernandez v. Miranda–Velez*, 132 F.3d 848, 860 (1st Cir.1998)); *also see Ramos Padro v. Commonwealth of Puerto Rico*, 100 F.Supp.2d 99, 106 (D.P.R.2000). "Given the complexity of modern litigation, the deployment of multiple Attorneys is sometimes an eminently reasonable tactic.... Effective preparation and presentation of a case often involve the kind of collaboration that only occurs when several Attorneys are working on a single issue." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 318 (quoting *Gay Officers Action League v. Puerto Rico*, 247 F.3d at 297). "[S]taffing issues are often best resolved by the trial court's application of its intimate, first-hand knowledge of a particular case's nuances and idiosyncracies." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 318 (quoting *Lipsett v. Blanco*, 975 F.2d at 939). Accordingly, "[w]hether time billed by Plaintiff is excessive or unproductive must be determined in light of how aggressively the Defense has argued its case." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 319–20 (quoting *Quint v. A.E. Staley Mfg. Co.*, 245 F.Supp.2d 162, 179 (D.Me.2003)). "It is an important factor to consider whether Defendants employed 'Stalingrad defense' tactics, resisting Plaintiffs at every turn and forcing them to win their hard-earned victory from rock to rock and from tree to tree." *Guillemard–Ginorio v. Contreras*, 603 F.Supp.2d at 319–20, citing *Lipsett v. Blanco*, 975 F.2d at 939; *see Esso Standard Oil Co. (Puerto Rico) v. Lopez Freytes*, 577 F.Supp.2d at 560. "Careful preparation often requires collaboration and rehearsal.... [B]ecause a litigant's staffing needs and preparation time will often vary in direct proportion to the fe-

rocity of [its'] adversaries' handling of the case, this factor weighs heavily in the balance." *Guillemard–Ginorio v. Contreras,* 603 F.Supp.2d at 319–20 (quoting *Rodriguez–Hernandez v. Miranda–Velez,* 132 F.3d at 860 (citing *Lipsett v. Blanco,* 975 F.2d at 939)).

"Furthermore, this is not a case 'of irresponsible litigation strategy, minimal accomplishment and intolerable over claiming which merits denial of any fee whatsoever to a prevailing party.'" *Esso Standard Oil Co. (P.R.) v. López Freytes,* 577 F.Supp.2d at 560 (quoting *Poy v. Boutselis,* 352 F.3d 479, 490 (1st Cir. 2003)).

 While a party is required to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. 1933, there is no requirement that a party deducting such hours identify which hours were deducted, or for which of the three reasons promulgated in *Hensley v. Eckerhart, supra,* such hours were deducted. Furthermore, "[w]hile the district court must exercise some supervision and review over these requests, it need not perform a line-by-line review of attorney time records or 'drown in a rising tide of fee-generated minutiae.'" *R.I. Med. Soc'y v. Whitehouse,* 323 F.Supp.2d 283, 298 (D.R.I.2004) (quoting *United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 15 (1st Cir.1988)); *cf. Rodriguez–Hernandez v. Miranda–Velez,* 132 F.3d at 858–59.

 For the sake of judicial efficiency and because it is not the role of the court to painstakingly analyze attorney timesheets line by line (*see Haley v. Pataki,* 106 F.3d 478, 484 (2d Cir.1997)), but rather to multiply the number of hours expended by the reasonable rate to produce appropriate fees, I accept the number of hours offered by plaintiffs' counsel without de-

ductions in view of the conservative manner the fees were calculated and the care in differentiating hours worked as to the prevailing causes of action which proceeded to trial as opposed to those causes that were disposed of without trial and as to which plaintiffs were not successful. *Cf. Nazario–Lugo v. Caribevision Holdings, Inc.,* 2013 WL 2252919 at *1 (D.P.R. May 22, 2013). This was clearly a hard fought case and to describe the fight would be to trivialize the more than five years of work of plaintiffs' two leading trial attorneys.

## III. Conclusion

I will not carry owls to Athens. The attorney's fees in this case are meticulously calculated and it is difficult to ignore that counsel Berkan is considered the essential paladin in Puerto Rico when it comes to civil rights cases, after having practiced in this court for thirty-one years and having worked in civil rights causes for over four decades. *See Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553 (1st Cir.1989); *Ciudadana v. Gracia–Morales,* 359 F.Supp.2d 38, 45 n. 8 (D.P.R.2005); *Gonzalez Perez v. Gomez Aguila,* 312 F.Supp.2d 161 (D.P.R.2004); *Libertad v. Sanchez,* 134 F.Supp.2d at 232–33. Counsel Mendez has been a regular practitioner in this court for almost fifteen years and is known as the essential member of attorney Berkan's team.

In view of the above, having reviewed the affidavits of plaintiffs' counsel and other attorneys who practice in this court, the accompanying contemporaneous time sheets (Docket No. 475–1 at 30–72, 475–2 at 13–31, 475–2 at 33–37), and listing of litigation expenses, as well as the numerous civil rights cases counsel Berkan has participated in in this court and the First Circuit Court of Appeals, and counsel Mendez's participation in cases in this court and the court of appeals, I adopt *in*

*extenso* the detailed information provided and attested to by counsel, and recommend that plaintiff's unopposed request for attorney's fees and litigation expenses, as supplemented and reaffirmed (Docket Nos. 475, 479, 506) be GRANTED in its entirety, and that prevailing plaintiffs be awarded attorneys fees in the amount of $399,122.50, in addition to litigation expenses incurred under 28 U.S.C. § 1988, and not recoverable as costs under 28 U.S.C. § 1923, in the amount of $12,947.28, for a total of $412,069.78.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Sch. Union No. 37 v. United Nat'l Ins. Co.,* 617 F.3d 554, 564 (1st Cir.2010); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Wallace v. State of New Hampshire,* 2010 WL 520904 at *2 (D.N.H. Feb. 9, 2010).

At San Juan, Puerto Rico, this 23rd day of October, 2014.